## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**CHARLES J. KOHLER,**

      **Plaintiff,**

                                             **Case No. 8:14-cv-1693-T-36TBM**

**DANIELLE PARSONS, ESQ.,**
**and McCALLA RAYMER, LLC,**

      **Defendants.**

_____/

## REPORT AND RECOMMENDATION

      THIS MATTER is before the Court on referral for a Report and Recommendation on Defendants Danielle Parsons, Esq, and McCalla Raymer, LLC's **Motion to Quash Service and Dismiss the Complaint** (Doc. 12) and Plaintiff's **Motion to Strike Defendants' Motion to Quash** (Doc. 14).

## I.

      Plaintiff filed his Complaint on July 11, 2014, asserting that Defendants McCalla Raymer, LLC ("McCalla Raymer"), and Danielle Parsons, Esq. ("Parsons"), violated, *inter alia*, 15 U.S.C. §§ 1692, *et seq.*, and 18 U.S.C. §§ 1341, 1346, and 1962, during their representation of BAC Home Loan Servicing LP, their attempts to collect a debt, and to foreclose upon Plaintiff's home.  (*See generally* Doc. 1).  The Clerk of Court issued summonses as to McCalla Raymer and Parsons on July 11, 2014.  (Doc. 2).  A return of

service was filed on March 23, 2015, as to McCalla Raymer (Doc. 13).[1]  No return of service as to Parsons has been filed with the Clerk as of today's date.

Defendants now move pursuant Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) to quash service of process.  They claim – and the Verified Return of Service (Doc. 13) reflects – that McCalla Raymer was served on February 23, 2015, by leaving a copy with Charles Gufford, Esq., at 225 E. Robinson Street, Suite #660, Orlando, FL 32801.  Danielle Parsons has not yet been served with process.  Defendants assert that because service upon McCalla Raymer was effected seven months after the filing of the Complaint, it is untimely under Federal Rule of Civil Procedure 4(m) and the Complaint should be dismissed without prejudice.  Further, because no service has been effected on Ms. Parsons, the Complaint should be dismissed as against her.  (Doc. 12).

Plaintiff has moved to strike the Defendants' Motion to Quash, asserting that he is not schooled in law and representing himself.  He claims "impertinence," in that the motion to quash is a substantive and procedural nullity; that a defendant may only move to dismiss for defective service on grounds of mistaken identity; and that the purpose of service of process is to inform a party of the nature of the cause against them and Defendants here have acknowledged receipt of the Complaint.  (Doc. 14).

---

[1]According to the return of service, the process server received the Complaint and related documents on February 14, 2015.

## II.

Rule 4(m) provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period ....

Fed. R. Civ. P. 4(m); *see also Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286 (11th Cir. 2009).

Good cause exists "when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone-Dempsey v. Carroll County Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (citation and alteration omitted).

Rule 4(m) also grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause. *Horenkamp v. Van Winkle And Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005). As the Eleventh Circuit has explained, the Advisory Committee Note to Rule 4(m) provides "guidance as to what factors may justify the grant of an extension of time for service of process in the absence of good cause. In its Note, the Committee explained: Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." *Id.* at 1132-33 (citing Fed. R. Civ. P. 4(m), Advisory Committee Note, 1993 Amendments). "Only after considering whether any such factors exist may the district court exercise its discretion and either dismiss the case without prejudice or direct service be effected within a specified time." *Lepone-Dempsey*, 476 F.3d at 1282.

3

**III.**

As an initial matter, this Court finds that Plaintiff has failed to effect service within 120 days after the filing of the Complaint in accordance with Rule 4(m).  The Complaint in this action was filed July 11, 2014, and summonses issued the same date.  Accordingly, Plaintiff was permitted until November 8, 2014, to serve Defendants.  According to the return of service (Doc. 13), Defendant McCalla Raymer was not served until February 23, 2015 – 227 days after the filing of the Complaint.  Defendant Parsons has still not been served in this action, approximately 300 days after this action was instituted.  Such is undisputed by Plaintiff.  As a result, service of process is untimely.

Further, Plaintiff has failed to demonstrate good cause for the failure to timely effect service.  With regard to the service upon Defendant McCalla Raymer, Plaintiff has not provided any explanation or asserted good cause for his failure to serve this Defendant within

4

120 days.  As for Defendant Parsons, Plaintiff has not provided any explanation for the lack of service upon her.[2]

Although Mr. Kohler is not an attorney and is representing himself, as he asserts in his motion to strike (Doc. 14 at 1), such is insufficient to establish good cause.  *See, e.g., Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (per curiam) (while *pro se* litigants are afforded some leniency, they must still conform to procedural rules).  Rather, it appears that Plaintiff asks the Court to simply ignore the time requirements of the Rules of Civil Procedure because one Defendant eventually was served and both Defendants have knowledge of the lawsuit, as demonstrated through their motion to strike.

The undersigned declines to accept Plaintiff's characterization of Defendants' "impertinence" and to ignore the procedural requirements regarding service of process.

---

[2]Rule 4(e) governs service of individuals, providing:
> Unless Federal law provides otherwise, an individual–other than a minor, an incompetent person, or a person whose waiver has been filed–may be served in a judicial district of the United States by:
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

There is no evidence in the record that a copy of the complaint and summons were delivered to Ms. Parsons personally or to a person of suitable age at Parsons' usual place of abode.  In addition, the record contains no evidence of proper substitute service nor is there any record that Plaintiff provided, and Parsons accepted, a waiver of service pursuant to Rule 4(d).  Accordingly, Plaintiff has failed to properly serve process upon Parsons.

Although insufficiency of service and service of process are waivable defenses[3], the Defendants here have specifically raised the issue by pre-answer motion as provided for in the Rules.  And, while "imperfect service of process" or "technical error" in the form of the summons may be acceptable as long as there is "substantial compliance" with Rule 4 and lack of prejudice,[4] such is not presented here.  Moreover, "[a] defendant's actual notice is not sufficient to cure defectively executed service."  *Albra*, 490 F.3d at 829 (citing *Schnabel v. Wells*, 922 F.2d 726, 728 (11th Cir. 1991)).  Here, it appears that process has not been timely served simply due to inadvertence or Plaintiff's neglect, and not because of any good cause.

The Court notes that Mr. Kohler has filed several *pro se* civil actions in this district, all relating to mortgages and alleged faulty practices related to debt collection and foreclosures.  *See Kohler v. Garlets et. al*, Case No. 8:13-cv-02502-JDW-EAJ; *Kohler v. BAC Home Loans Servicing LP*, Case No. 8:14-cv-01692-EAK-TGW; *Kohler v. Nationstar Mortgage LLC* , Case No. 8:15-cv-00004-CEH-TBM; *Kohler v. Bac Home Loans Servicing LP*, Case No. 8:15-cv-00435-EAK-MAP.  In *Kohler v. BAC Home Loans Servicing LP*, Case No. 8:14-cv-01692-EAK-TGW, Mr. Kohler was specifically advised of his obligations to serve process within 120 days and was granted an extension of time to do so.  (Case No. 8:14-

---

[3]Fed. R. Civ. P. 12(h)(1) ("A party waives [the defense of insufficiency of process or insufficiency of service of process] by: (A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or (B) failing to either: (i) make it by motion under this rule; or (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course."); *see also Sanderford v. Prudential Ins. Co. of Am.*, 902 F.2d 897, 900 (11th Cir. 1990).

[4]*See e.g. Drill South, Inc. v. Int'l Fidelity Ins. Co.*, 234 F.3d 1232, 1238 (11th Cir. 2000); *Sanderford v. Prudential Ins. Co. of Am.*, 902 F.2d 897, 900 (11th Cir. 1990)

cv-01692-EAK-TGW, Docs. 11, 13).  In an earlier case, Mr. Kohler had no difficulty in effecting timely service and providing proof of such service.  (*See* Case No. 8:13-cv-02502-JDW-EAJ, Docs. 7, 8, 9).  Thus, it appears that Mr. Kohler is aware of the requirements of the Federal Rules of Civil Procedure – in particular, the rules relating to service of process – but has chosen to ignore them in this instance.  He has not filed a motion for extension of time to effect service of process nor otherwise asked the court for relief.  He simply asks the court to strike Defendants' motion.  His lack of diligence weighs in favor of the court exercising its discretion not to extend the time for service of process and dismissal of the action.

Nevertheless, Rule 4(m) grants courts discretion to extend the time for service of process even in the absence of a showing of good cause.  *Horenkamp v. Van Winkle And Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005).  As discussed above, the Advisory Committee Notes provides examples of circumstances that may allow for such extension, such as if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.  Fed. R. Civ. P. 4(m), Advisory Committee Note, 1993 Amendments.

In the instant case, there has been no assertion or evidence that Defendants have evaded service nor that they concealed a defect in the attempted service.  Accordingly, such is not a consideration.

With regard to the whether the applicable statute of limitations would likely bar any refiled action, it is impossible to tell from his rambling pleadings whether such is the case, and Mr. Kohler has not addressed the matter.  His Complaint alleges a "pattern of violations of federal laws [beginning] on July 1st of 2009."  (Doc. 1 at ¶ 1).  The suit arises out of

mortgage lien and foreclosure action brought in state court.[5]  He outlines allegations of

improper activities by defendants spanning July 1, 2009 through May 22, 2014, with a

foreclosure sale scheduled for July 15, 2014.  (*Id*. at 4-9).[6]  He brings this suit under the

statutory authority of the Fair Debt Collections Practices Act, citing 15 U.S.C. §§

1692e(2)(a), 1692e(4), 1692e(5), 1692e(7), 1692e(8), 1692e(9), 1692e(10), and 1692e(13),

"pled in harmony with" Title 18 U.S.C. sections 1964(a)&(c) and Title 18, sections 1341,

1436 and 1962. (*Id.* at 1).  The Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C.

1692, *et seq.*, provides for a one-year statute of limitations.  15 U.S.C. § 1692k(d) ("An action

to enforce any liability created by this subchapter may be brought in any appropriate United

States district court without regard to the amount in controversy, or in any other court of

competent jurisdiction, within one year from the date on which the violation occurs.").  Given

---

[5]The Complaint notes: "This complaint does <u>not</u> seek appellate review of any state court action; this complaint is expressly limited to defendants Danielle N. Parsons, Esq. and McCalla Raymer LLC representing BAC HOME LOANS SERVICING LP violations of the law of the United States while Danielle N. Parsons, Esq. and McCalla Raymer LLC representing BAC HOME LOANS SERVICING LP was acting in a capacity of a third party debt collector."  (*Id.*) (emphasis and bolded in original).

[6]The Court notes that the public records of the Clerk of the Circuit Court for Pinellas County, Florida, indicate that Final Judgment of Foreclosure was entered on October 24, 2012, and a judicial sale was originally scheduled for December 11, 2012.  Mr. Kohler filed a Notice of Bankruptcy on December 5, 2012, and the judicial sale was cancelled.  Thereafter, the sale was re-set for July 24, 2013.  Mr. Kohler filed a second Notice of Bankruptcy on July 5, 2013, and the sale was again cancelled.  The sale was thereafter rescheduled for July 15, 2014.  On July 5, 2014, Mr. Kohler filed a Suggestion of Bankruptcy, and the sale was cancelled for a third time.  The judicial online sale occurred on April 28, 2015, and a Certificate of Title transferring ownership appears in the public record as of May 13, 2015. *BAC Home Loans Servicing LP v. Charles J. Kohler, et. al*, Case No. 09-11684-CI, pending in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida.

the time frame alleged, it is possible that the statute of limitations might bar a refiled action under the FDCPA if this action were dismissed.

In these circumstances, as for McCalla Raymer, despite the failure of Plaintiff to demonstrate good cause for his untimely service on the firm, the firm has now been served and it proffers no prejudice from the delayed service.  Given the potential that the statute of limitations could bar a refiled FDCPA claim, I reluctantly recommend the district judge exercise her discretion and extend the time for service of process and deny the motion to quash as to McCalla Raymer.

As for his complete failure to serve Danielle N. Parsons, Plaintiff offers no cause whatsoever.  In the circumstances, the failure to even attempt service appears willful or the product of inexcusable neglect, and Plaintiff's conduct does not merit the award of any equitable consideration by the Court.  Accordingly, I recommend that the cause be dismissed as against her.  In accordance with Rule 4(m), the dismissal as to Ms. Parson should be without prejudice.

## IV.

For the foregoing reasons, it is **RECOMMENDED** that Defendants' **Motion to Quash Service and Dismiss the Complaint** (Doc. 12) be **granted in part and denied in part** as set forth herein.  Further, **Plaintiff's Motion to Strike Defendants' Motion to Quash** (Doc. 14) should be **denied.**

Respectfully submitted this
21st day of May 2015.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

9

## **NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6; M.D.Fla. R. 4.20.


Copies furnished to:
The Honorable Charlene E. Honeywell, United States District Judge
Counsel of Record
*Pro Se* Plaintiff

10